## STATE OF FLORIDA v SHELL

## Case No. 90-193-CF (Lower Court Case No. 89-8981-TT)

Fifth Judicial Circuit, Hernando County

October 12, 1990

### APPEARANCES OF COUNSEL

**Diana K. Simpson, Esquire,** Assistant State Attorney, for appellant.

**A. R. Mander, III, Esquire,** for appellee.

Before HILL, McNEAL, SPRINGSTEAD, JJ.

### OPINION OF THE COURT

PER CURIAM.

This appeal was initiated after the Trial Court ruled that all evidence should be suppressed after finding that there was not sufficient evidence to support a justifiable basis for stopping the Appellee's vehicle. We REVERSE.

A Florida Highway Patrolman while on duty on December 6, 1989 at approximately 2:05 a.m. observed the Defendant's vehicle South-

bound on U.S. 41. The trooper testified that during the entire period of observation he wasn't sure that there was anything that the defendant could have been cited for, but that in the officer's opinion the defendant was not driving normally. The officer further testified that he also based his conclusion to stop the defendant on the time of night, the bars having just closed. Further that statistics show that one out of five people have been drinking and one out of seven are under the influence at those times.

We have chosen to rely on *Bailey v State,* 319 So.2d 22 (1975), in this instant case. See also, *Kehoe v State,* 521 So.2d 1094 (Florida 1988) and *Velez v State,* 534 SO.2d 545, (Florida 5th DCA 1989). The District Court did not find that the stop itself was illegal, but the search of the passengers was illegal.

The Court stated:

Because of the dangers inherent to our modern vehicular mode of life, there may be justification for the stopping of a vehicle by a patrolman to determine the reason for its unusual operation. In this instance although *no vehicular regulation was being violated,* it seems strange to the officer that the vehicle was proceeding only 45 miles per hour and was weaving, although not so much as to move out of its land on one side or the other. Perhaps some of the possibilities occurring to the officer were defective steering mechanism or that the *operator was driving under the influence* of alcohol or some other drug. At any rate, *the officer did stop the car and diligently investigated all suspicious possibilities.* He found no evidence that the driver was under the influence of alcohol, and was satisfied with the reason given by the operator. . . At this point the officer decided to check out the passengers. Also at this point there is no doubt that he had no right to check them. (emphasis added) *Id.* at 26 The court went on to say that at this point there was no reason to believe that either of the passengers had committed, was committing, or was about to commit a crime; the Court based its decision on the passenger search. The court did not object to the driver being stopped for his driving pattern, even in light of the fact that no law was broken, and was based only on the officer's suspicion.

Furthermore, in *State v Carillo,* 506 So.2d 495 (5th DCA 1987), a case more akin to the instant case, a certified question was referred to the court pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(8), which reads:

"WHETHER A POLICE OFFICER MAY PULL OVER A VEHI-

CLE THAT IS NOT VIOLATING THE TRAFFIC LAWS IN THE OFFICER'S PRESENCE EVEN THOUGH THE DRIVING OF THE VEHICLE MAY LEAD THE OFFICER TO BELIEVE THAT THE DRIVER MAY BE IMPAIRED, ABSENT LEGISLATIVE AUTHORITY."

*Carillo* moved to suppress all evidence seized as a product of a traffic stop. The trooper observed the defendant's car at 2:00 a.m., weaving to the extreme right and left of his lane. The trooper observed this pattern for about a quarter of a mile. He stopped the defendant and arrested him for Driving Under the Influence.

The court citing *Bailey* held that "even in the absence of probable cause for such an arrest prior to the stop, an officer can stop a driver based upon a founded suspicion that he is driving under the influence. Thereafter investigation may establish probable cause for arrest."

The court stated further that if the vehicle led the officer to believe that the driver was impaired then there was legal basis to stop him, and after the stop probable cause was established to arrest him for having committed a misdemeanor offense in the officer's presence.

In the instant case, Trooper L. A. Frye, the arresting officer, had a founded suspicion which was the basis for this stop of the defendant. He testified that he:

"was on duty at approximately 2:05 a.m. on State Road 45 or U.S. 41. He saw a vehicle that was not being driven normally, was southbound on 41, it came towards the median almost striking the sign in the median, it did not hit the sign in the median. It continued southbound just to the south edge of the intersection of the truck route 41 and then made a left almost like a u-turn to go east on the truck route. . . Normally people don't crowd that concrete median as this driver did. It was apparent that he was coming toward the median to a point that I moved to the right as feeling he was going to come across the concrete median. I watched the vehicle in my mirror was I believe a white dodge pickup truck. As the pickup truck went by me, uh, normally you are required to turn prior to the center of an intersection. It appeared the vehicle went through the center of the intersection and then made a left turn. Uh, I felt that he was impaired, went and stopped the vehicle." (T/5,6)

After the stop the officer determined that the defendant was driving under the influence and placed the defendant under arrest.

The stop and arrest of the defendant comports to *Bailey* as well as *Carillo* in that the officer is permitted to stop a car when he has a

founded suspicion that something is wrong, as in the instant case. Further, to investigate his suspicions, and if need be make an arrest if probable cause is confirmed after the stop. Here probable cause was properly established after the defendant's vehicle was stopped.

This is exactly what the instant case entailed and thus the evidence should not have been suppressed by the lower court. Defendant was under the influence of an alcoholic beverage t the extent his normal faculties were impaired—a misdemeanor which was committed within the officer's presence. The trial court's decision on the suppression is hereby reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.

HILL, M., McNEAL, R., SPRINGSTEAD, J., concur.